IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUPREME JUICE CO. )<br>                      Petitioner, )<br>                             )<br>                v.                )<br>                             )<br>UNITED STATES OF AMERICA, )<br>MICHAEL MUKASEY, UNITED STATES )<br>ATTORNEY GENERAL, )<br>PATRICK J. FITZGERALD, UNITED STATES )<br>ATTORNEY, NORTHERN DISTRICT OF ILLINOIS )<br>                             )<br>                   Respondents. ) | No. 08 CV 997<br>JUDGE JOAN B. GOTSCHALL<br>MAGISTRATE BROWN |

**AMENDED PETITION FOR RELEASE OF SEIZED PROPERTY AND FOR DETERMINATION OF CONSTITUTIONALLY EXCESSIVE FORFEITURE**

Supreme Juice Company petitions this Honorable Court as follows:

**JURISDICTION**

1.    Federal Jurisdiction is herein based upon 18 U.S.C. §§983(f)(3)(A), (g)(1).

**PARTIES**

2.    Petitioner Supreme Juice Co. (Petitioner) is an Illinois Corporation. Petitioner, at all times relevant, sold, on a wholesale basis, various edible food products, including juice and candy, to retailers in Chicago, Cook County, Illinois.

3.    Respondent is the United States of America. Attorney General Michael Mukasey and United States Attorney Patrick Fitzgerald are herein named without any claim of personal wrongdoing.

**THE FORFEITURE**

4.    On or about November 28, 2007, Respondent, pursuant to Seizure Warrant issued in case 07M 413 (Warrant hereto attached as Exhibit A), seized all of Petitioner's funds, totaling

$139,506.14, in Petitioner's bank account, number 1865593, held at the Park National Bank located in Oak Park, Cook County, Illinois. On information and belief, the subject seizure was pursuant to, and based upon, Petitioner's alleged violation of the reporting requirements set forth in 31 U.S.C. §§5313, 5321.

## RELEASE OF PROPERTY

5. On or about January 8, 2008, Petitioner, pursuant to §983(f)(3)(A), timely served, *via* both email and certified mail, return receipt requested, its claim form and request for immediate release of seized property. A true and correct copy of that claim form and request are hereto attached as Exhibit B. Petitioner's request for immediate return of property satisfied all statutory requirements and the reasons for immediate release of property, set forth in Petitioner's request (Exhibit B) are herein incorporated by reference.

6. On or about January 10, 2008, Respondent received the aforementioned claim form and request.

7. The 15 day waiting period, required by §983(f)(3)(A), has since elapse and Petitioner's $139,506.14 has not been returned to Petitioner.

**WHEREFORE** Petitioner prays the release of its property and any other relief this Honorable Court deems appropriate.

## DETERMINATION OF GROSS DISPROPORTIONALITY

8. The subject forfeiture consumed all of Petitioner's cash. The alleged violation in question is relatively minor *i.e.* the failure, on an ongoing basis, to allegedly report bank cash deposits in excess of $10,000.00. All of these deposits, however, were properly reported on Petitioner's tax returns. Nobody has been harmed by the alleged reporting violation in question.

9. The forfeiture of all of Petitioner's cash, *viz.* $139,506.14, is grossly disproportional

to the alleged offense and is accordingly in violation of the excessive Fines Clause of The Eighth Amendment.

**WHEREFORE** Petitioner prays that the amount of the subject forfeiture be adjusted to a fair and reasonable amount that is proportional to the alleged violation in question and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

/s/ Robert Orman

Robert Orman

Robert Orman
1 North LaSalle, Suite 1775
Chicago IL 60602
312-372-0515